Robert L. Clayton Jr., # 286814,   ) C/A No.: 2:18-85987-RBH-RGC
                                    )
                Plaintiff,          )
                                    )
vs.                                 )
                                    ) Report and Recommendation
Shaun Kent, Esquire,                )
                                    )
                Defendants.         )
_____)

Plaintiff, a prisoner proceeding *pro se*, has filed this matter pursuant to 42. U.S.C. § 1983. The Applicant is incarcerated with the South Carolina Department of Corrections pursuant to the Clarendon County Clerk of Court's orders of commitment. The Clarendon County Grand Jury indicted the Applicant at the May 2002 term of General Sessions for Armed Robbery and Possession of a Firearm during the Commission of a Violent Crime (2002-GS-14-123) and Attempted Burglary-First Degree, Possession of a Weapon during a Violent Crime, and Possession of Burglary Tools (2002-08-14-124). The Applicant was represented on the charges by Harry Devoe, Esquire. On May 21 -22, 2002, the Applicant was tried in his absence and was found guilty as indicted on indictment number 2002-08-14-123. The Applicant's sentence was sealed. On August 26, 2002, the Honorable Thomas W. Cooper, Jr. sentenced the Applicant to confinement for fifteen (15) years for armed robbery and a concurrent term of five (5) years on the firearm charge. Then on August 29, 2002, Applicant was brought before the Judge Cooper in regards to indictment number 2002-GS-14-124. Applicant pled guilty

to the lesser included offense of Attempted Burglary-Second Degree and was sentenced to ten (10) years concurrent.

A timely Notice of Appeal was filed on Applicant's behalf and an *Anders* brief was submitted by Wanda H. Haile, Esquire. The South Carolina Court of Appeals dismissed the Applicant's appeal. *State v. Clayton*, Op. No. 2003-UP-616 (S.C. Ct. App. filed October 21, 2003). The Applicant's petition for rehearing was denied by the Court of Appeals by written Order dated December 19, 2003.

The Applicant filed his first PCR application on February 28, 2004 (C.A. No. 2004-CP14-0087). Shaun Kent, Esquire, represented the Applicant. An evidentiary hearing was held on June 15, 2005, at the Sumter County Courthouse before the Honorable O. Edward Welmaker. At the conclusion of this hearing, the record was left open for Applicant to locate an alleged alibi witness. Applicant located the witness, and a second hearing was convened on October 31, 2005, at the Horry County Courthouse (applicant waived venue). By Order filed March 27, 2006, Judge Welmaker denied and dismissed the application with prejudice. No appeal was filed. Plaintiff filed a second application for post-conviction relief, and was granted a belated appeal on November 6, 2008.

Plaintiff files this instant action against his court appointed post-conviction relief counsel. According to the complaint, plaintiff believes he is entitled to an award of damages because his counsel failed to apprise him of his right to file an appeal of the denial of his first post-conviction relief

application.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents,

*Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff can not proceed against his court appointed attorney because the attorney has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*,

631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)(As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected only against infringement by governments...") *citing Flagg Brothers*, 436 U.S. 149, 156, 98 S.Ct. 1729, 1733 (1978). *See also Lucarelli v. Norton*, 2006 WL 709319 (M.D. Pa. 2006)(unpublished)(attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court *citing Angelico v. Lehigh Valley Hosp.*, 184 F.3d 268 (3rd Cir. 1999) and *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.")); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir.1983) ("[P]rivate attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983."); *Limehouse v. Delaware*, 144 Fed. Appx. 921 (3d Cir. 2005)(private attorney for the opposing party could not be held to be a state actor because there were no facts which established any agreement between the attorney and the state actors to violate the plaintiff's civil rights; a private attorney's representation in a court case, sitting alone, does not

act under color of law when performing his function as counsel).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

                                                  *[signature]*
                                          Robert S. Carr
                                          United States Magistrate Judge

November 1, 2010
Charleston, South Carolina

## *The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).