IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ROBERT LEE CLAYTON, JR., | ) | Civil Action No.: 2:10-cv-02597-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHAUN KENT, Esquire, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert S. Carr.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss the case without prejudice and without issuance and service of process.

## **Procedural History and Factual Background**

This case was initiated on October 6, 2010, when the Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that Attorney Shaun Kent ("Kent"), a court-appointed attorney for the Plaintiff's post-conviction relief ("PCR") hearing, committed intentional misconduct that violated his civil rights. According to the Complaint, Kent allegedly failed to apprise the Plaintiff of his right to file an appeal of the denial of his first PCR application and "withheld the [proposed] order document that was drafted by the state's attorney so Plaintiff could not rebut any of the misrepresented facts that were alleged in the order." *Complaint,* p. 3. The Complaint was filed pursuant to 28 U.S.C. § 1915, subjecting it to initial screening and possible summary dismissal. On November 1, 2010, the Magistrate Judge issued the R&R recommending that the Court dismiss

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling.

the Complaint without prejudice and without issuance and service of process. On November 18, 2010, the Plaintiff filed a Motion for Extension of Time to File a Response to the R&R, which the Court subsequently granted. On November 29, 2010, the Plaintiff filed timely objections to the R&R. On December 7, 2010, the Court granted the Plaintiff an additional ten (10) days in which to file any further objections to the R&R or an Amended Complaint.[2] The Plaintiff did not file any additional documents with the Court, and this matter is ripe for review.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] Based on a review of the docket, it was unclear whether the Plaintiff received a copy of the Court's Text Order granting his Motion for Extension of Time. As such, out of an abundance of caution, the Court granted the Plaintiff additional time to file further objections or an amended complaint.

**Discussion**

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). In the R&R, the Magistrate Judge recommends that the Court dismiss the Complaint without prejudice, finding that "Plaintiff cannot proceed against his court appointed attorney because the attorney has not acted under color of state law." *R&R,* p. 4; *see Polk County v. Dodson,* 454 U.S. 312, 317-325 (1981); *Deas v. Potts,* 547 F.2d 800, 800 (4th Cir. 1976) (stating that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel); *see also Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (stating that generally neither state nor state official acting in official capacity are "persons" within meaning of § 1983). In his objections, the Plaintiff claims that his attorney conspired with state officials to deprive him of his federal rights and therefore was acting under color of state law:

> All [Kent's] actions were to help State's Attorney Paula Magargle, which was a deliberate planned and carefully executed scheme to keep Plaintiff from enjoying his federal right to access of the court, by properly litigating issues and keeping them preserved from procedural defaults. [Kent] violated his oath of office taken in the admission to practice law in South Carolina when he didn't assist the defenseless and oppressed client, and did not ensure that justice was available to his client by conspiring with the state . . . .

*Objections,* p. 3; *see Tower v. Glover,* 467 U.S. 914, 923 (1984) ("[S]tate public defenders are not immune from liability under § 1983 for intentional misconduct, "under color of" state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights."); *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting . . . 'under color' of law for purposes of § 1983 actions.").

3

Nonetheless, the Plaintiff's Complaint is frivolous and subject to summary dismissal pursuant to 28 U.S.C. § 1915.

The Complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires the Court to conduct an initial screening of the Complaint and "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In *Neitzke,* the Supreme Court

> observed that the *in forma pauperis* statute, unlike Rule 12(b)(6), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." "Examples of the latter class," we said, "are claims describing fantastic or delusional scenarios, claims which federal district judges are all too familiar."

*Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (quoting *Neitzke,* 490 U.S. at 327-28). As such, the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations," and "a finding of frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." *Id.* at 32-33. "[T]he district courts, who are 'all too familiar' with factually frivolous claims . . . are in the best position to determine which cases fall into this category." *Id.* at 33. In fact,

> [d]eference to district court dismissals under § 1915(d) is especially appropriate when the complaint arises in the prison setting. It is here that the danger of federal interference with the performance of core

4

> state functions is acute . . . and it is here that the "discretion granted to district judges to screen out meritless cases" . . . is necessary to prevent the abuse of free court access by litigants who possess both time and dissatisfactions in abundance.

*Cochran v. Morris,* 73 F.3d 1310, 1316 (4th Cir. 1996) (internal citations omitted).

In his Complaint, the Plaintiff claims Kent deliberately failed to apprise the Plaintiff of his right to file an appeal of the denial of his first PCR application and "withheld the [proposed] order document that was drafted by the State's Attorney so Plaintiff could not rebut any of the misrepresented facts that were alleged in the order." *Complaint,* p. 3. He further claims that Kent "allowed Plaintiff's trial counsel to commit perjury, recant his previous statement under oath in June 15, 2005, without reporting the misconduct or objecting to it," and Kent "actually excuse[d] the perjury by a officer of the court by making it seem like a mistake instead of a deliberate lie to cover up the misconduct." *Id.* at 4. The Plaintiff does not, however, state a federal right of which he has been deprived as a result of the alleged conspiracy between Kent and other state officials. The Plaintiff states only that "[i]f [Kent] would have filed the Appeal when the Order stipulated, it would have saved Plaintiff 3 years of delay which was caused by [Kent]" and "[i]f [Kent] would have objected to the State's Attorney order, that was done by them, and sent the Order to his client like a competent lawyer would, Plaintiff could have presented his defense effectively." *Id.* The fallacy in the Plaintiff's claims is that "[t]here is no constitutional right to an attorney in state postconviction proceedings," and constitutionally ineffective assistance of counsel cannot exist in the absence of a constitutional right to counsel. *See Mackall v. Angelone,* 131 F.3d 442, 448 (4th Cir. 1997) (citing *Pennsylvania v. Finley,* 481 U.S. 551 (1987)).

It is also important to note the procedural background of the two convictions that were the subject of his first PCR application. The Plaintiff was indicted for armed robbery and possession

5

of a firearm during the commission of a crime (2002-GS-14-0123) and attempted burglary, first degree, and possession of burglary tools (2002-GS-14-0124). *Complaint,* Ex. 1, p. 11 (Order Granting Belated PCR Appeal).  He was represented by Attorney Harry Devoe.  On May 21-22, 2002, he was tried in his absence and was found guilty as indicated on indictment 2002-GS-14-0123, and his sentence was sealed. *Id.*  On August 29, 2002, the Plaintiff pled guilty to the lesser-included offense of attempted burglary, second degree, on indictment 2002-GS-14-0124. *Id.* at 12.  A timely Notice of Appeal was filed on the Plaintiff's behalf, and an *Anders* brief was submitted by Attorney Wanda Haile. *Id.*  Subsequently, the South Carolina Court of Appeals dismissed the appeal, and the Plaintiff's petition for rehearing was denied by written order dated December 19, 2003.  The Plaintiff filed his first PCR application in February 2004 and was represented by Kent.  An evidentiary hearing was held on June 15, 2005, before the Honorable G. Edward Welmaker.  At the conclusion of the hearing, the record was left open for the Plaintiff to locate an alleged alibi witness.  The witness was located and a second hearing was convened on October 31, 2005. *Id.* Following the second hearing, Judge Welmaker wrote a letter to Attorney Paula Magargle at the South Carolina Attorney General's Office, instructing her to draft a proposed order and dictating the points of law and fact as to issues raised by the Plaintiff that he wanted in the proposed order. *Complaint,* Ex. 1, pp. 17-18 (Letter from Judge Welmaker to Paula Magargle (Nov. 16, 2005)) ("Please draft an order for my signature reflecting the following points of law and fact as to the issues presented by petitioner. . . . I will carefully review the proposed order and insure that the facts and conclusions of law are as I find them to be.").  By order filed March 27, 2006, Judge Welmaker denied and dismissed the Plaintiff's PCR application with prejudice, and the Plaintiff filed no appeal.  The Plaintiff filed a subsequent PCR application and was granted a belated PCR appeal because "trial counsel did not discuss the right to appeal with Applicant." *Complaint,* Ex. 1, p. 13

6

(Order Granting Belated PCR Appeal).  As such, it appears that the Plaintiff has not been deprived of any federal rights or suffered any damages[3] as a result of Kent's representation of him on the first PCR application.

The instant matter is not the Plaintiff's first filing with the Court.  In fact, the Court is "all too familiar" with the Plaintiff's filings, as this Complaint is just one of many filings that the Plaintiff has generated from his prison cell over the past twelve months.  For example, in another case *Clayton v. Ozmint*, No. 2:10-cv-00190-RBH, the Plaintiff has filed the following *pro se* documents over the past year:

> (1) Complaint pursuant to 42 U.S.C. § 1983 alleging cruel and unusual punishment due to the restricted diet he receives in punitive segregation.  According to the Plaintiff, the restricted diet replaces slice bread with cold biscuits, which contain "excessive baking soda and yeast" and have caused him "rectum bleeding."  [Docket # 1]
>
> (2) Motion to Certify Class of 46 prisoners who are forced to eat the "unauthorized biscuits." [Docket # 4]
>
> (3) Motion for TRO and Preliminary Injunction to prevent the South Carolina Department of Corrections from serving "unauthorized biscuits" instead of approved slice bread. [Docket # 12]
>
> (4) Amended Complaint alleging that certain policies of the South Carolina Department of Corrections are unconstitutional, including the policy that inmates who violate the prison's rule against certain sexual activities must wear a pink jumpsuit for a period of time. [Docket # 31]
>
> (5) Motion for Preliminary Injunction seeking relief from having to wear a pink jumpsuit. [Docket # 35]

---

[3] In his request for relief, the Plaintiff states that he has suffered irreparable harm "from his issues not being preserve[d]"; however, the Plaintiff has already been granted the proper relief for Kent's failure to apprise him of his right to file an appeal of the denial of his first PCR application in the form of a belated PCR appeal granted by Judge George James on November 6, 2008.

7

> (6) Motion for Reconsideration asking the Court to reconsider its Order denying the Plaintiff's preliminary injunction motions. [Docket # 58]
>
> (7) Motion for reconsideration asking the Court to reconsider its Order granting summary judgment in favor of the Defendants. [Docket # 69]

"A plaintiff's past litigious conduct should inform a district court's discretion under § 1915(d)." *Cochran,* 73 F.3d at 1316 (citing *In re McDonald,* 489 U.S. 180 (1989)). Under 28 U.S.C. § 1915, "the court's foremost intention [is] to end litigation by an inmate who has been afforded the privilege of free access to the courts and who has just as plainly abused it," and the Plaintiff's litigious background with this Court is telling. *Id.* at 1318-19.

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts. The Court is satisfied that the Plaintiff's current claims are baseless, wholly incredible, and subject to dismissal for frivolity pursuant to 28 U.S.C. § 1915. *See Denton,* 504 U.S. at 32; *see also Cochran,* 73 F.3d at 1316 (explaining that a claim is properly dismissed under the statute "whenever a district court is 'satisfied' the claim is frivolous"); *accord Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984) (holding that district court properly exercised its discretion in dismissing the action as frivolous before service of process, in that naked assertion of conspiracy between state judge and private attorney defendants without supporting operative facts provided an insufficient state action nexus for a § 1983 action). As such, the Court agrees with the recommendations of the Magistrate Judge.

8

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted as modified and incorporated herein by reference, and this case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                                        s/ R. Bryan Harwell  
                                                       R. Bryan Harwell  
                                                       United States District Judge

Florence, South Carolina  
January 7, 2011